Francis W. SPLITTORFF, Appellant–Defendant,

v.

Jerry AIGNER, Pam Aigner and Beverly Childs, Appellees–Plaintiffs.

No. 63A01–0904–CV–202.

Court of Appeals of Indiana.

June 30, 2009.

Robert R. Faulkner, Evansville, IN, Attorney for Appellant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Francis W. Splittorff appeals from the trial court's judgment in favor of Jerry Aigner, Pam Aigner, and Beverly Childs (collectively "the Aigners") in this quiet title action. Splittorff presents a single dispositive issue for our review, namely, whether the trial court erred when it awarded the Aigners $36,500 in damages.

We affirm.

### FACTS AND PROCEDURAL HISTORY

This court set out the relevant facts and procedural history in *Splittorff v. Aigner*, No. 63A01–0606–CV–254, 2007 WL 1217998 (Ind. Ct.App. April 26, 2007), *trans. denied, cert. denied,* —— U.S. ——, 128 S.Ct. 2504, 171 L.Ed.2d 787 (2008), ("*Splittorff I* "):

> In the mid–1980's Splittorff agreed to purchase a parcel of property on Jenner Road in Chandler from Lois Brooks on contract. Splittorff did not receive the tax bills for 1999, 2000, or 2001, which were mailed to Brooks in Missouri, the record titleholder of the property. On August 7, 2000, Splittorff filled out an "Address Correction Request" listing Brooks as the name on the property record and indicating that the correct addressee was Splittorff or Brooks and that the correct address was the Jenner Road address. App. p. 167. The form included a line for the "Owners Signature," which was left blank. *Id.* That same day, Splittorff redeemed the property from a 1999 tax sale by paying $624.50.
>
> On May 21, 2001, a general warranty deed, issued on May 17, 2001, from Brooks to Splittorff was recorded. On August 15, 2001, a letter postmarked July 27, 2001, and sent certified mail from the County Auditor's office to the Jenner Road address was returned as "unclaimed." Appellee County's App. p. 6. On August 31, 2001, an application for judgment and order of sale was filed with the trial court, and on September 18, 2001, it issued a judgment and order of sale. On September 26, 2001, the Aigners purchased the property in a tax sale. On June 25, 2002, the Aigners sent to Splittorff at the Jenner Road Address, via certified mail, a notice of sale and expiration of redemption period. This notice indicated that the redemption period expired on September 27, 2002, and that a petition for tax deed would be filed on or after that date. On August 27, 2002, the Aigners petitioned for a tax deed, and notice of such was again sent to Splittorff. The trial court set the matter for a hearing on October 1, 2002, and issued a notice of the hearing to Splittorff. On October 1, 2002, and December 4, 2002, the trial court issued orders for tax deed. The actual deed was issued on October 8, 2002, and was recorded on September 19, 2003.
>
> On December 4, 2003, the Aigners filed a complaint to quiet title in the property, naming Splittorff and the County as defendants. On January 28, 2004, Splittorff filed an answer, affirma-

tive defenses, a counterclaim, and a crossclaim. In response to Splittorff's crossclaim, the County filed a partial motion for summary judgment. Splittorff then filed an amended crossclaim, which the County answered. Splittorff responded to the County's partial motion for summary judgment. The County replied and eventually filed a second motion for summary judgment on Splittorff's amended crossclaim. On March 2, 2006 Splittorff again responded and moved for summary judgment. The County replied. On March 22, 2006, the Aigners filed a motion for summary judgment. After a hearing on all of the pending motions, the trial court granted the County's and the Aigners' motions for summary judgment.

(Footnote omitted). This Court affirmed the trial court's grant of summary judgment in favor of the Aigners in *Splittorff I*. Our Supreme Court then denied transfer, and the United States Supreme Court denied certiorari. Thereafter, on September 15, 2008, the trial court issued a second Order for Possession of Real Estate and set the matter for a hearing on damages and disposition of the bond posted by Splittorff. Splittorff filed another appeal, which this Court dismissed. *See* Order of Dismissal in *Splittorff v. Aigner*, No. 63A01–0811–CV–519 (Ind.Ct.App. January 27, 2009), *trans. denied* ("*Splittorff II* ").

On February 17, 2009, the trial court held a hearing on the Aigners' request for damages incurred as a result of Splittorff's refusal to vacate the premises for several years after the tax sale deed. At that hearing, the Aigners presented evidence

that a reasonable rental value for the property was $500 per month. The tax deed was issued to the Aigners in October 2002, and calculating back rent at $500 per month from October 2002 through December 2008, the Aigners' expert witness testified that their total damages equaled $36,500. Splittorff argued that he should get a set off against that amount for the value of the permanent improvements he had made to the property prior to the tax sale.[1] The trial court awarded the Aigners $36,500, plus interest. This appeal ensued.[2]

## DISCUSSION AND DECISION

The trial court entered a general judgment without special findings. A general judgment will be affirmed upon any legal theory consistent with the evidence, and the court of review neither reweighs the evidence nor reassesses the credibility of the witnesses. *Perkins v. Brown*, 901 N.E.2d 63, 65 (Ind.Ct.App.2009). We will reverse the judgment only if it is clearly erroneous. *Id.* We presume that the trial court correctly followed the law. *Id.* This presumption is one of the strongest presumptions applicable to our consideration of a case on appeal. *Id.*

Splittorff contends that the trial court's award is inequitable and gives a windfall to the Aigners in light of the permanent improvements he had made to the property prior to the tax sale. In this appeal, Splittorff acknowledges that "the issue of the inequitable forfeiture of the improvements imposed upon [him] has already been dispensed with by the Court's dismissal" of

1. Splittorff had previously testified that he had made improvements to the property such as installing a modular home with an attached deck and a stick-built garage.

2. The Aigners have not filed an appellee's brief. In such a case, we need not undertake the burden of developing arguments for them. *See Butrum v. Roman*, 803 N.E.2d 1139, 1142 (Ind.Ct.App.2004), *trans. denied.* Applying a less stringent standard of review, we may reverse the trial court if the appellant establishes prima facie error. *Id.*

his 2008 appeal in *Splittorff II.* Brief of Appellant at 8. Still, he maintains that the trial court is required by statute to set off the value of the improvements against the damages award.[3]

Specifically, Splittorff contends that Indiana Code Sections 32–30–2–18 and 32–30–3.1–1 require the trial court to "recognize[ ] and compensate[ ]" Splittorff for the value of the permanent improvements to the property. Brief of Appellant at 11. But neither of those statutes is applicable to the circumstances here. As such, Splittorff's contention on this issue fails.

■ Indiana Code Section 32–30–2–18 provides that if a plaintiff in an action for ejectment or to quiet title is entitled to damages for withholding, using, or injuring the plaintiff's property, the defendant may set off the value of any permanent improvements made to the property to the extent of the damages, unless the defendant prefers to use the law for the benefit of occupying defendants (Indiana Code Section 32–30–3.1–1). But Indiana Code Section 32–30–2–18 applies where the defendant has made improvements to the property *during a time that he is liable to the plaintiff for rent* or the plaintiff is otherwise incurring damages because of defendant's actions. Here, because the permanent improvements were alleged to have been made to the property prior to October 2002, when the tax deed was issued and the Aigners took title, the statute does not apply. Stated another way, the tax deed that transferred the real estate to the Aigners conveyed title to both the land and the improvements. Later, when the Aigners filed the quiet title action, Splittorff did not own the improvements and

was not entitled to a set off for their value under Indiana Code Section 32–30–2–18.

■ Indiana Code Section 32–30–3.1–1 ("the Occupying Claimant's Statute") applies to an occupant of real property with only color of title who makes valuable improvements to property in good faith. Here, again, Splittorff's ownership of the property prior to the tax deed, when he made the improvements, was not disputed, so at the time he made the improvements he did not own the property under "color of title." In *City of Gary v. Belovich,* 544 N.E.2d 178 (Ind.Ct.App.1989), the City of Gary sought relief under a former version of the Occupying Claimant's Statute for improvements it had made to property subsequently sold at a tax sale. This Court held that the statute did not apply because the City of Gary was the fee simple owner of the property when it made the improvements. Likewise, here, the statute does not apply.

Splittorff cannot prevail on his statutory claims for relief. Neither statute upon which Splittorff relies was written in contemplation of a former owner who holds over after title has passed under a tax sale deed. And Splittorff's other contentions on appeal amount to a request that we reweigh the evidence, which we will not do. There is evidence in the record to support the trial court's damages award. Accordingly, we affirm the trial court.

Affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.

---

3. Splittorff also criticizes the "competence" of the Aigners' expert testimony regarding the rental value of the property. Brief of Appellant at 10. But that is a request that we reassess the credibility of the Aigners' witness and reweigh the evidence on appeal, which we will not do.