**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 05 2013, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ROBERT H. LITTLE**
Brookston, Indiana

ATTORNEY FOR APPELLEE:

**DOUGLAS C. LEHMAN**
Douglas C. Lehman Professional Corporation
Wabash, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHABBIR HUSSAIN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 85A02-1208-MF-629 |
| | ) | |
| SYED ALI, | ) | |
| | ) | |
| Appellee-Respondant. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen, III, Judge
Cause No. 85C01-1002-MF-97

**February 5, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Shabbir Hussain appeals the trial court's denial of his Petition to Execute and Deliver Sheriff's Deed and grant of a similar competing petition filed by Syed Ali. Hussain presents the following consolidated and restated issue for review: Did the trial court err in ordering the Sheriff to execute and deliver the deed in question to Ali?

We affirm.

The facts favorable to the judgment follow.[1] This case arose from a mortgage foreclosure on the One Stop Auto Station in Wabash, Indiana. Ali, who already owned a gas station in Wabash, learned of the upcoming sheriff's sale, which was to be handled by Halderman Farm Management (Halderman). Having never bid at such an auction before, Ali contacted Hussain, a friend and fellow businessman, the day before the auction and asked for assistance in the bidding process. Hussain did not know of the auction prior to being contacted by Ali. Hussain agreed to come from Kentland to Wabash to assist by bidding for Ali on the day of the auction, August 5, 2010.

Hussain arrived at the auction before Ali and obtained bid numbers for both of them. While Ali did not intend to bid, Ali believed Hussain wanted other bidders to think they were both there to bid. Ali stood next to Hussain during the auction and did not bid. At the conclusion of the auction, Hussain was the high bidder at $4000. According to Ali, "[Hussain] was so excited that the [real estate] was sold so cheap". *Transcript* at 25. Upon winning the bid, Hussain and Ali went to Halderman to complete the purchase. Hussain

---

[1] We note that Hussain's statement of facts section in his appellate brief does not set out the facts in a light most favorable to the judgment. Given the applicable standard of review, this constitutes a violation of Ind. Appellate Rule 46(A)(6)((b).

filled out the auction form, printing Ali's name on the purchaser line but then putting his own name above Ali's and listing his own address. Ali paid Halderman $4000 with a check drawn on his business account with First Farmers Bank & Trust.

After completing the purchase, Hussain gave Ali a check for $2000 stating, "keep it, we will run the place together." *Id*. at 26. It was never Ali's intention to partner with Hussain, but he took the check to avoid a scene at the auction. Later that day, Ali returned the check to Hussain, rejected his partnership offer, and asked him to "please back off". *Id*. at 32. Hussain refused and threatened to keep the station for himself. Ali left angry.

The next morning, Hussain called Toni Benysh at Halderman and informed her that the check provided at the auction would not clear. He indicated that he would bring over another check that morning. Hussain then obtained a cashier's check for $4000 and took it to Halderman. On the way, Hussain informed Ali that the original check was not good.

Halderman had already deposited the original check. After Hussain's call, Marianne Blair, another Halderman employee, contacted First Farmers Bank & Trust to verify that the check would not clear. Blair spoke with a teller and was informed that Ali did not have enough funds in the account to cover a $4000 check. Upon Hussain's arrival, Blair accepted the cashier's check from him, as well as a $10 service fee, and immediately left to deposit the check.

In the meantime, Ali made an inquiry with his bank regarding the original check and learned that the check had indeed cleared. Ali went to Halderman and was present upon Blair's return. He provided Blair with the name and phone number of the manager of the

3

local First Farmers Bank & Trust. The bank manager assured Blair that the original check was good and that there had been a miscommunication by the teller during the earlier call.[2] Blair promptly called Halderman's bank, where she had just deposited the cashier's check. The bank indicated that because it had only been a matter of minutes "they could back the [] check out". *Transcript* at 41. Blair went to the bank and retrieved the cashier's check, which she then provided to Ali, who immediately returned the check to Hussain.

The Sheriff filed a Clerk's Return with the Wabash Circuit Court on August 16, 2010, indicating in relevant part that the property had been struck off and sold to Ali and Hussain but that a deed had yet to be delivered. The Sheriff explained as follows:

> On the date of sale, Mr. Syed [sic] and Mr. Hussain advised that they were forming a corporation or a limited liability company to take title to the real estate and would advise me of the name of that corporation or company so I could deliver to it my deed. On August 6, 2010, Mr. Hussain advised that the grantee on my deed should be B & H Brothers, Inc. On that same date, Mr. Syed advised that the grantee on my deed should not be B & H Brothers, Inc. Mr. Hussain and Mr. Syed still do not agree what entity should be named as grantee on the deed, so I have not yet delivered my deed.

*Appellant's Appendix* at 8.

On April 19, 2012, Hussain filed a petition to execute and deliver sheriff's deed to Hussain. Ali filed an objection on April 26, and petitioned to have the sheriff's deed executed and delivered to Ali. In the petition, Ali alleged that Hussain was bidding as Ali's agent and that the funds for the purchase came exclusively from Ali. Ali concluded by alleging: "Hussain has failed and refused to cooperate with the undersigned and carry out the

---

[2] Hussain asserts that "[i]t took additional action and intervention by Ali with the bank before the bank would agree to cover the check". *Appellant's Brief* at 11. This is a misrepresentation of the record.

4

terms of his agreement to act on behalf of the undersigned as his agent and instead is seeking to take advantage of the undersigned and deprive the undersigned of the property which the undersigned purchased." *Id*. at 15.

The trial court held an evidentiary hearing on July 3, 2012, at which Ali and Hussain testified and provided vastly conflicting accounts.[3] The trial court issued an order on July 5, in which it expressly found that the greater weight of the evidence was with Ali. Accordingly, the court ordered the Sheriff of Wabash County to execute and deliver to Ali a sheriff's deed for the subject real estate. Hussain filed a motion to correct error on July 27, which the trial court summarily denied that same day. Hussain now appeals.

On review of a general judgment, we presume the trial court correctly followed the law and will affirm upon any legal theory consistent with the evidence. *Splittorff v. Aigner*, 908 N.E.2d 669 (Ind. Ct. App. 2009), *trans. denied*. Further, we neither reweigh the evidence nor reassess witness credibility, and we will reverse the judgment only if it is clearly erroneous. *Id*.

Boiled down, Hussain's argument on appeal is that the trial court should not have reached the agency issue because the evidence established he was the high bidder, his name[4] and address were on the auction documentation, and the purchase price was paid. Thus, Hussain asserts that he was the purchaser at the sheriff's sale and is entitled to the deed. This

---

[3] Halderman employees, Blair and Benysh, also testified, as well as the First Farmers Bank & Trust local branch manager.

[4] Hussain acknowledges that Ali's name was also listed as a purchaser and that, because of this, the deed could be properly issued to both he and Ali. His primary argument, however, is that the deed should issue to Hussain alone.

argument, however, begs the question. The determinative issue in this case is: On whose behalf was Hussain bidding?

In his pleadings, Ali plainly alleged that Hussain was bidding as Ali's agent, and the issue was hotly contested at trial.[5] After considering the conflicting evidence presented by the parties, the trial court found that the weight of the evidence was with Ali. Thus, the court impliedly determined that Hussain was bidding at the auction for Ali as his agent. The facts favorable to the judgment support this conclusion.

Hussain acknowledges that the agency theory was "partially advanced" below by Ali, but he claims "there was no evidence to support that theory other than the self-serving testimony of Ali." *Appellant's Brief* at 15. Ali presented evidence of a gratuitous agency relationship with Hussain, upon which Ali relied, and the trial court credited Ali's testimony over the conflicting testimony provided by Hussain. This was the trial court's prerogative. We reject Hussain's blatant invitation to reweigh the evidence and judge witness credibility.[6]

Finally, in passing, Hussain makes the following statute of frauds argument:

> In Indiana, the Statute of Frauds (Ind. Code § 32-21-2-2(b)(4)) requires that contracts concerning real estate need to be in writing. Such a rule reduces uncertainty. Thus, if the Court in this case should conclude that something other than simply identifying the person who submitted the high bid, [sic] then referring to the completed documentation would be helpful. Following it

---

[5]   At no point prior to or during the presentation of evidence did Hussain object to litigation of the agency issue. His assertion on appeal that this issue was not before the trial court is disingenuous, especially in light of the pleadings. Moreover, he does not provide any authority for his claim that the issue could not be litigated in this action.

[6]   Hussain posits two theories that "may be applicable to the circumstances". *Id.* at 14. One is that the parties intended to be co-owners of the property, and the other is that all Ali did was lend Hussain the funds for the purchase. These theories, however, were directly or indirectly advanced below and necessarily rejected by the trial court.

> specifically would support one of two possible conclusions. Either the trial court should have ordered the Sheriff to execute a deed to both "purchasers", as their names appear on the written agreement, or just to Hussain, in the capacity of the only person whose handwriting appears on it and where the address of the purchaser defines the "true purchaser."

*Id.* at 13. We find this argument disjointed and undeveloped. We fail to see how there is a statute of frauds issue here where the purchase is documented. Moreover, Ind. Code Ann. § 32-21-1-1(b) (West, Westlaw through 2012 2nd Reg. Sess.) allows for a purchasing document to be signed by a party's authorized agent. Again, this argument begs the question of in what capacity Hussain was bidding at the auction.

Having necessarily determined that Hussain was acting as Ali's agent, the court entered judgment in Ali's favor and ordered the deed issued to him. Hussain has failed to establish that the judgment was clearly erroneous.

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.